

**Dated: December 15, 2023.**

　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　**CHRISTOPHER G. BRADLEY**
　　　　　　　　　　　　　　　　　　　　　**UNITED STATES BANKRUPTCY JUDGE**

_____

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| IN RE: | § | |
| CAROLINA GAYTAN, | § | CASE NO. 23-30602-cgb |
| 　　Debtor. | § | (Chapter 13) |

### ORDER ON APPLICATION TO EMPLOY

**Introduction**

In this case, the Court is asked to approve the employment of counsel to represent the debtor in pending state court litigation, some of which may only benefit the debtor (and not the bankruptcy estate), and some of which may only benefit a third party. The Court approves the employment subject to a showing that the fees and expenses are reasonable, necessary, and beneficial to either the debtor or the estate.

In addition, the Court approves the retention of a retainer and the granting of a security interest on other estate property in favor of the proposed counsel, but only subject to court approval of all fees and expenses before they are charged against the retainer or secured by the property.

1

## Background

On December 12, 2023, the Court conducted a hearing (the "Hearing") on the Application to Employ Special Counsel and to Encumber Lot as Security for Attorney Fees (the "Application")[1] filed on behalf of Carolina Gaytan, the debtor in this chapter 13 case (the "Debtor"). The Court also considered the Objection to the Application filed on November 11, 2023 (the "Objection"),[2] on behalf of interested parties, 3 Netts, Inc., Cruselda Sanchez, and Antonio Carrasco d/b/a Sinay Racing (collectively, the "State Court Plaintiffs"). Appearing at the Hearing were counsel for the Debtor, counsel for the State Court Plaintiffs, and the Chapter 13 Trustee.

The Application sought authority to engage the professional services of attorney James Steven Hershberger to represent the Debtor in the state court proceeding (the "State Court Litigation") filed by the State Court Plaintiffs against the Debtor and co-defendant David Alaniz, alleging various causes of action including conversion and malicious prosecution.[3] (The Court previously lifted the automatic stay to permit the State Court Litigation to proceed.[4])

The Application stated that Mr. Hershberger has already been paid a $10,000 retainer.[5] As additional inducement to take the case, the Application sought Court approval of the Debtor's granting of a security interest in certain unimproved real property owned by the Debtor with a scheduled value of $25,000.[6] The application also stated that Mr. Alaniz would contribute to Mr. Hershberger's fees in an amount "TBD."[7] At the Hearing, upon questioning by the Court, Debtor's counsel provided no further guidance on Mr. Alaniz's proposed contribution.

At the Hearing, the Court expressed concern that Mr. Hershberger's contemplated services, at least as to certain parts of the State Court Litigation, were unlikely to provide any significant benefit to the estate, but rather would benefit the Debtor personally, or Mr. Alaniz. Debtor's counsel argued in return that there would

---

[1] Dkt# 62.
[2] Dkt# 63.
[3] Cause No. 22,826 in the 109th Judicial District Court, Andrews County, Texas.
[4] *See* Order Granting Relief from Automatic Stay (July 28, 2023), dkt# 39.
[5] Application, ¶ 12. This payment appears to have been improperly made out of estate funds without approval as required by law. The Court will not countenance unauthorized non-ordinary-course expenditures out of estate funds. Such actions may constitute cause for conversion to chapter 7 or dismissal of this case with prejudice as well as denial or disgorgement of attorneys' fees of Debtor's bankruptcy counsel, among other remedies.
[6] *Id*.
[7] *Id*.

2

be benefit to the estate, but the Court was not persuaded, at least as to several aspects of the State Court Litigation. Debtor's counsel did not cite or otherwise identify, either in the motion or in the Hearing, any applicable Bankruptcy Code section, or any case law, permitting the Court to approve counsel for the benefit of the debtor rather than for the estate.

Nonetheless, as the Court noted in the Hearing, §330(a)(4)(B) of the Bankruptcy Code[8] provides that the Court, in its discretion, may allow compensation of counsel to a Chapter 13 debtor even if the benefits run to the debtor and not the estate. Upon adjournment of the Hearing, the Court conducted additional research concerning the scope of appropriate expenditure of estate funds in representation of the debtor and not the estate. As a result, the Court will approve somewhat broader representation than indicated at the Hearing, subject to the limits outlined in this order (the "Order").

## Analysis

Section 330(a)(4)(B) of the Bankruptcy Code provides:

> In a . . . chapter 13 case . . . the court may allow reasonable compensation to the debtor's attorney for representing the interests of the debtor in connection with the bankruptcy case based on a consideration of the benefit and necessity of such services to the debtor and the other factors set forth in this section.[9]

"Section 330(a)(4)(B) essentially creates an exception to the general rule that fees are compensable from the estate only if the services benefit the estate."[10] The Fifth Circuit has emphasized the "discretionary nature of the language" in §330(a)(4)(B), which "vests the bankruptcy courts with discretion to determine what constitutes 'reasonable compensation,' and . . . requires that the courts base their decision on 'the benefit and necessity of such services to the debtor and the other factors set forth in this section.'"[11]

---

[8] 11 U.S.C. §§101 *et seq*.
[9] 11 U.S.C. §330(a)(4)(B). The "other factors" are set forth in §330(a)(3).
[10] *In re Steen*, 631 B.R. 704, 709 (Bankr. N.D. Tex. 2021); 3 *Collier on Bankruptcy* ¶ 330.02[1][b][v] (16th ed. 2023) (largely the same language).
[11] *McBride v. Riley (In re Riley)*, 923 F.3d 433, 442 (5th Cir. 2019).

3

"Of course, even those services that benefit only the individual debtor, and not the debtor's estate, are only compensable under § 330(a)(4)(B) to the extent that they are 'reasonable' after consideration of the benefit and necessity of those services to the debtor in light of the other factors set forth in § 330(a)(3)."[12] Section 330(a)(3) sets forth a multi-factor analysis framework bankruptcy courts use in assessing the reasonableness of compensation for services that are necessary and beneficial to the debtor.[13]

Fees for professional services are not reasonable if they are not reasonably commensurate with the likely benefits and necessity of the services to the debtor or estate.[14] As noted in a number of cases, litigation with no realistic likelihood of success, or in which fees that will likely swamp any benefit to the debtor or the estate, are by definition not reasonable.[15]

---

[12] *In re Williams*, 378 B.R. 811, 823 (Bankr. E.D. Mich. 2007).

[13] Section 330(a)(3) provides:
> In determining the amount of reasonable compensation to be awarded to . . . a professional person, the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including—
> (A) the time spent on such services;
> (B) the rates charged for such services;
> (C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;
> (D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;
> (E) with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and
> (F) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

[14] Counsel for the Debtor are of course not expected to have a crystal ball with which to predict the future. The Bankruptcy Code lays out "a prospective standard for the award of attorney's fees relating to bankruptcy proceedings—one that looks to the necessity or reasonableness of legal services at the time they were rendered," even if things do not work out as hoped. *Barron & Newburger, P.C. v. Texas Skyline, Ltd. (In re Woerner)*, 783 F.3d 266, 276 (5th Cir. 2015). The touchstone is objective reasonableness at the time services were rendered. *Id*. at 274.

[15] *See Williams*, 378 B.R. at 827; *accord In re Saturley*, 131 B.R. 509, 521 (Bankr. D. Me. 1991) ("[F]utile efforts aimed at achieving unattainable objectives are unreasonable. Fees generated in tilting at windmills will be disallowed.").

4

Representation of the Debtor in the State Court Litigation may bring benefits to the estate by lowering potential damages that would dilute existing creditors' distribution. But the Court believes that the primary benefits would be to the Debtor herself, including by potentially bolstering her claims to certain exempt assets. While the Court lifted the stay to permit the State Court Litigation to resume in state court as the most appropriate venue, the results of that litigation are bound up with this bankruptcy case (as reflected, for instance, in the recent agreed delays in resolving certain objections to the Debtor's schedules and proposed Chapter 13 plan pending the outcome of the State Court Litigation[16]). The Court believes that the Debtor should have representation in the State Court Litigation and will exercise its discretion to permit retention for that purpose under §330(a)(4)(B).[17]

But on the other hand, the Court is concerned that fees benefitting Mr. Alaniz and not the Debtor or estate may be incurred. Mr. Alaniz is neither the Debtor nor the estate. If Mr. Hershberger provides services for Mr. Alaniz, they must be shown to have been beneficial and necessary to the Debtor or the estate, or the related fees and expenses will not be compensable out of estate assets.[18]

The Court realizes that there may be some difficulty if certain services confer benefit or are necessary for both Mr. Alaniz and the Debtor. Their affairs and interests at issue in the State Court Litigation appear to be somewhat intertwined. The Court is sympathetic to this concern, but there is no way of specifying in advance exactly how to approach this issue. Largely, it would seem to be a question of whether, leaving aside whatever ancillary benefit there is to Mr. Alaniz, any particular services were "beneficial and necessary" for the Debtor; if so, assuming they otherwise comply with the applicable statutory scheme, the Court will approve them. The Court's focus will be on the necessary and beneficial services for the

---

[16] This was discussed at the Hearing; *see also* dkt# 76.
[17] *See, e.g.*, *In re Walsh*, 538 B.R. 466, 475 (Bankr. N.D. Ill. 2015) (collecting cases and examples of services benefitting the debtor that have been approved under §330(a)(4)(B), including "prosecution of the Debtor's rights to exempt property" (quoting *In re Amos*, No. 98 B 32761, 2000 WL 33672947, at *3 (Bankr. D. Utah Feb. 16, 2000) and representation in dischargeability litigation).
[18] *See In re Hunt*, 588 B.R. 496, 499 (Bankr. W.D. Mich. 2018) (fees disallowed to the extent they were not for services provided "in connection with" the Chapter 13 case); *In re Pochron*, No. 21-31410, 2022 WL 1085459, at *4 (Bankr. S.D. Ohio Apr. 8, 2022) (describing *Hunt* case and applying "in connection with" test).

Debtor and estate.[19] If serious questions remain as to whether particular actions are compensable, then perhaps Mr. Alaniz's "TBD" contributions should be used to fund those actions.

## Conclusion

In sum, the Court will exercise its discretion and approve the retention of Mr. Hershberger on a somewhat broader basis than announced in the Hearing. In particular, Mr. Hershberger may be compensated for reasonable fees and expenses for services that are beneficial and necessary to the Debtor (even if not to the estate). This may include not just the malicious prosecution claim but other aspects of the State Court Litigation, provided that those actions are beneficial and necessary to the Debtor or the estate.

As always, the burden will be on Mr. Hershberger as the professional to demonstrate that his fees meet the customary standards for payment by the bankruptcy estate per the terms above.[20] He will need to keep accurate time records with a level of detail appropriate for the Court to assess compliance with the guiding law when he seeks compensation for his fees.

Although the Court believes that the $10,000 retainer was paid inappropriately from estate assets, the Court will permit Mr. Hershberger to keep it in trust, to be drawn on in due course, but only after Court approval of his fees. The Court will also grant him a security interest in the requested property, again only to the extent of payments actually awarded to him by this Court following the procedure laid out in bankruptcy law.[21]

---

[19] This is a fairly complicated retention, and the Court does not know what Mr. Hershberger's familiarity with bankruptcy law and procedure may be. One of the Court's primary goals in this Order, as in the Hearing, is to provide Mr. Hershberger with clarity about his retention and about the implications and requirements of bankruptcy law for his representation. If he needs further clarity concerning his Order, he can seek a status hearing through bankruptcy counsel for the Debtor and the Court will be happy to speak with him on the record. While it cannot of course provide legal advice or advisory opinions, the Court stands ready to provide whatever clarity it can regarding this Order.

[20] *Sylvester v. Chaffee McCall, L.L.P. (In re Sylvester)*, 23 F.3d 543, 549-50 (5th Cir. 2021).

[21] In their Objection, the State Court Plaintiffs urged that this relief requires the Court to make findings under §364(c). That section was not, however, raised at the Hearing. Based on its discussion with counsel to the State Court Plaintiffs at the Hearing, the Court believes that this objection was narrowed, and that the relief granted in this Order is acceptable to the State Court Plaintiffs, in that it restricts the security interest to the extent of fees ultimately awarded to Mr.

For the reasons stated above, after considering the Application, the Objection, the statements of counsel, and the applicable law as discussed above, the Court finds that the Application should be granted on a limited basis.

**IT IS THEREFORE ORDERED, ADJUDGED AND DECREED** that:

The Debtor's Application to Employ Special Counsel and to Encumber Lot as Security for Attorney Fees (dkt# 62) is granted to the extent described below:

A. The Debtor is authorized to employ attorney Mr. James Steven Hershberger for the State Court Litigation.

B. Mr. Hershberger may file an application with the Court seeking approval of compensation for the reasonable value of services rendered and expenses incurred which, at the time the services were provided or expenses incurred, were necessary and beneficial to the Debtor or the bankruptcy estate.

C. Any application for compensation filed by Mr. Hershberger in this case must include time entries sufficient to demonstrate that the services provided were necessary and beneficial to the Debtor or the estate, and sufficient to allow the Court to assess the reasonableness of such fees.

D. Mr. Hershberger may keep the $10,000 retainer that has been provided to him but may not draw it down without order from this Court permitting such withdrawal.

---

Hershberger by this Court. Given that those fees would be awarded as administrative expenses anyway, such an arrangement seems unlikely to have much effect on the estate, and the State Court Plaintiffs may be assured that the Court intends to ensure that it does not adversely impact the estate.

In addition, the Court believes that counsel to the Debtor sufficiently indicated that a finding of necessity under §364 would likely be supported by the evidence. If the State Court Plaintiffs believe further record is necessary, and that their objection was preserved in the Hearing and remains unaddressed by this Order, they may move the Court to consider reconvening a hearing on this Application for the narrow purpose of making formal findings on §364. But again, the Court believes this is unnecessary under the circumstances.

7

E.  The Court authorizes, by this Order, the grant of a security interest on the Debtor's interest in an unimproved lot in Odessa, Texas, described as **Lot 1, Block 1, Wacasey Addition, Ector County, Texas** in favor of Mr. Hershberger, with priority dating as of the date of this Order, to secure payment only of any fees and expenses approved by the Court. For the avoidance of doubt, this lien does not prime any existing or future property taxes granted priority under any applicable statute.

F.  The Debtor and her bankruptcy counsel shall not to make any further payments of estate property out of the ordinary course of business without the approval of this Court, nor shall they liquidate property of the estate outside of the ordinary course without the approval of this Court.

G.  Debtor's counsel is ordered to provide an electronic or paper copy of this Order to Mr. Hershberger for his review by the close of business on December 16, 2023.

# # #